UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**UNITED STATES OF AMERICA**

**v.**  **CRIMINAL ACTION NO. 2:01-00059**

**YVONNE CORBETT**


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On March 14, 2006, the United States of America appeared by Monica L. Dillon, Assistant United States Attorney, and the defendant, Yvonne Corbett, appeared in person and by her counsel, Edward H. Weis, Assistant Federal Public Defender, for a hearing on the petition on supervised release and addendum thereto filed on February 1 and March 13, 2006, respectively, submitted by United States Probation Officer Teresa L. Eggerud, the defendant having commenced a thirty-month term of supervised release in this action on September 22, 2004, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on April 14, 2004.

The court heard the admissions of the defendant, the evidence and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) that the defendant made a sale of $20 worth of crack cocaine on September 8, 2005, to a confidential informant at Cora Alley in Logan County; (2) that the defendant used cocaine as evidenced by positive urine screens submitted on March 30 and May 25, 2005; (3) that the defendant failed to submit to random urine screens as directed on November 15, 17, 22 and 29 and December 14, 15 and 16, 2005; and January 10, 2006; (4) that the defendant failed to attend outpatient therapy at the rate of two, sixty minute sessions per month in September 2005, and such failure continuing after she was released from jail on November 12, 2005, until the filing of the petition on January 11, 2006; (5) that the defendant failed to abide by the special condition that she enter and complete the six month inpatient treatment program at the Renaissance Place inasmuch as she failed to enter the program on December 1, 2005; (6) that the defendant failed to file monthly reports from August 2005 through December 2005 and for January 2006; (7) that the defendant failed to notify the probation officer ten days prior to any change of residence inasmuch as on or about November 4,

2005, when was released from jail, she moved to an unknown location and at the time of the filing of the petition her whereabouts were unknown to the probation officer; and (8) that the defendant struck Deborah Corbett with her fist striking her about the head or neck on September 11, 2005; all as set forth in the petition on supervised release and the addendum thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense and the intervening conduct of the defendant, that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of

3

**TWELVE MONTHS AND ONE DAY** to be followed by a term of **EIGHTEEN MONTHS LESS ONE DAY** supervised release, upon the sixteen standard conditions of supervised release in effect in this district and the further condition that the defendant not commit another federal, state or local crime.  It is further ORDERED that, with respect to defendant's twelve-month-and-one-day term of imprisonment, she shall receive credit for time served while in custody awaiting hearing and sentencing from February 7, 2006, to March 14, 2006.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>:  The court recommends that the defendant be afforded treatment for depression.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: March 20, 2006

_____
John T. Copenhaver, Jr.
United States District Judge